William Lane ETHEREDGE,
Jr., Appellant,

v.

HIDDEN VALLEY AIRPARK
ASSOCIATION, INC.,
Appellee.

No. 2–04–184–CV.

Court of Appeals of Texas,
Fort Worth.

June 30, 2005.

Shannon, Gracey, Ratliff & Miller, L.L.P., Paul Gianni, and Chris Nickelson, Fort Worth, for Appellant.

Minor & Jester and Kurt S. Elieson, Denton, for Appellee.

Panel B: DAUPHINOT, WALKER, and McCOY, JJ.

## OPINION ON REHEARING

BOB McCOY, Justice.

After reviewing Appellee Hidden Valley Airpark Association, Inc.'s motion for rehearing, we deny the motion. We withdraw our June 2, 2005 opinion and judgment and substitute the following in their place.

### I. INTRODUCTION

Appellant William Lane Etheredge, Jr. appeals the trial court's grant of summary judgment in favor of appellee Hidden Valley Airpark Association, Inc. ("HVAA").

Because the face of the record shows that the trial court erred by granting summary judgment despite Etheredge's lack of notice of the summary judgment motion and hearing, we will reverse and remand.

## II. BACKGROUND

In 1989, Etheredge bought lot 6a in the Hidden Valley Estate subdivision. HVAA, a Texas nonprofit corporation, operates and maintains an airstrip, clubhouse, private lake, and other facilities related to the Hidden Valley Estate subdivision. HVAA admitted Etheredge as a member, and he commenced paying dues and assessments. In 1991, Etheredge decided to build an airplane hangar on his property, and he began construction after HVAA and the town of Shadyshores approved his plans. Following complaints from neighbors that the structure being built was dissimilar from the approved plans, Etheredge met with HVAA's board of directors to explain the changes. On August 7, 1991, the members of HVAA and Etheredge reached a compromise, approved at a special meeting of the HVAA membership, regarding the construction of the hangar.

Nearly four years later, on May 31, 1995, Etheredge inexplicably notified HVAA that he intended to cease paying dues until he had recouped approximately $4,200, claiming that he incurred that amount due to delays in construction during the 1991 dispute over the hangar. The compromise reached in 1991 contains no mention of recoupment of costs. Etheredge asserted that he would resume paying dues sometime in 2002, when he had recouped the $4,200. HVAA did not respond to Etheredge's intention to withhold dues. In March 2002, after Etheredge began paying dues again, HVAA's attorney sent him a letter stating that HVAA had applied his recent payments to his unpaid dues invoices and demanding $5,210 in past due fees and assessments and $250 in attorney's fees. In response, Etheredge stopped paying dues altogether.

HVAA then sued Etheredge in January 2003 for defaulting on his obligation to pay dues and assessments. Upon being served with the lawsuit, Etheredge sent a letter to the district clerk asserting that he was not in default. Etheredge sent a second letter to the district clerk explaining that he had withheld dues payments to offset additional construction costs incurred during the airplane hangar dispute. Etheredge never hired an attorney, instead choosing to proceed pro se.

Several months later, HVAA sent Etheredge a request for admissions via certified mail, return receipt requested, postmarked September 19, 2003, to the return address listed on Etheredge's letters to the district clerk. The request for admissions was returned "unclaimed." HVAA next filed a motion for summary judgment, set it for hearing on December 18, 2003, and sent the motion and notice of hearing to the same address via certified mail, return receipt requested, postmarked November 4, 2003. Again, this mailing was returned "unclaimed."

On December 18, 2003, the trial court conducted a hearing on HVAA's motion for summary judgment, at which Etheredge did not appear. The trial court granted the motion and signed a judgment in favor of HVAA. In its judgment, the trial court found that Etheredge had been properly served with HVAA's requests for admissions and with HVAA's motion for summary judgment and notice of hearing. Etheredge filed no postjudgment motions or notice of appeal until June 16, 2004, when he filed this restricted appeal.

## III. RESTRICTED APPEAL

A restricted appeal is a procedural device available to a party who did not par-

ticipate, either in person or through counsel, in a hearing that resulted in a judgment against the party. TEX.R.APP. P. 30. The party must not have timely filed a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal. *Id.* In this situation, a party may institute a restricted appeal by filing a notice of appeal within six months after the judgment is signed. *See* TEX.R.APP. P. 26.1(c).

▉ Specifically, a direct attack on a judgment by restricted appeal must (1) be brought within six months after the trial court signs the judgment (2) by a party to the suit (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record. *Norman Communications v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997).[1] These requirements should be liberally construed in favor of the right to appeal. *Stubbs v. Stubbs,* 685 S.W.2d 643, 645 (Tex.1985). The parties agree that the first three elements of the restricted appeal requirements have been met and that the focus of this appeal is whether error is apparent on the face of the record.

## A. Notice of Motion for Summary Judgment

▉ In his first issue, Etheredge argues that the trial court erred in concluding that he received actual and constructive notice of HVAA's motion for summary judgment and the summary judgment hearing setting. The Texas Rules of Civil Procedure require motions for summary judgment and notices of hearings to be served on all parties of record. TEX.R. CIV. P. 21, 166a(c). Rule 166a gives the nonmovant the right to have minimum notice of the hearing on a motion for sum-

mary judgment. *See Lewis v. Blake,* 876 S.W.2d 314, 315 (Tex.1994). Lack of notice to the nonmovant of the summary judgment hearing violates the nonmovant's due process rights. *See Smith v. Mike Carlson Motor Co.,* 918 S.W.2d 669, 672 (Tex.App.-Fort Worth 1996, no writ) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84–85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988); *Mosser v. Plano Three Venture,* 893 S.W.2d 8, 12 (Tex. App.-Dallas 1994, no writ)).

▉ A document may be served on a party by delivering a copy via certified or registered mail to the party's last known address. TEX.R. CIV. P. 21a. Service by mail is complete upon deposit of the document, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. *Id.* A certificate by a party or an attorney of record is prima facie evidence of the fact of service. *Id.* Accordingly, Rule 21a creates a presumption that a notice of hearing setting, when properly mailed, was received by the addressee. *See Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987).

▉ However, the opposing party may rebut this presumption by offering proof that the notice or document was not received. *Id.; see also* TEX.R. CIV. P. 21a ("Nothing [in Rule 21a] shall preclude any party from offering proof that the notice or instrument was not received. . . ."). Here, it is apparent on the face of the record that Etheredge did not receive notice either of the motion for summary judgment or of the hearing on the motion: an affidavit of HVAA's attorney filed with the trial court in support of HVAA's mo-

---

1. *Norman Communications* refers to the appeal by "writ of error" procedure under the former appellate rules, which has been re- placed by the restricted appeal. *See* TEX. R.APP. P. 30 notes and comments.

tion for summary judgment states that the envelope containing copies of HVAA's motion for summary judgment and the fiat setting the motion for hearing was returned bearing a stamp in red ink indicating that the envelope was unclaimed by the addressee. The affidavit attaches a copy of the envelope, which is stamped "UNCLAIMED."

■ HVAA argues that proper service by mail under Rule 21a does not depend upon actual receipt by the addressee and that all Rule 21a requires of a serving party is to deposit the document in the mail. We disagree. "[I]mplicit in the concept of service is the need for the party upon whom an item is served to actually receive it." *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex.App.-Amarillo 2000, no pet.); *see also Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 928 (Tex.1999) (concluding that nonmovant *had not been served* with motion of nonsuit when presumption of receipt raised by certificate of service was rebutted by evidence of nonreceipt). If not, "then there would be no reason for those who drafted Rule 21a to state that nothing precluded a party from establishing non-receipt." *Payton*, 29 S.W.3d at 898. Accordingly, a notice of hearing setting sent by certified mail and returned "unclaimed" does not provide the notice required by Rule 21a. *Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 764 (Tex.App.-Dallas 2004, pet. denied); *see also Payton*, 29 S.W.3d at 898–99 (holding that trial court did not err in refusing to deem unanswered requests for admissions admitted because requests had been returned to sender unclaimed); *Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 197 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (holding that motion for summary judgment and notice of motion's submission sent by certified mail but returned unclaimed did not provide non-movant with due notice).

■ Even when a party does not receive actual notice, if the serving party has complied with the requirements of Rule 21a, "constructive notice" may be established if the serving party presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case, *see Gonzales v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex.App.-Beaumont 1993, writ denied), *overruled on other grounds, Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682 (Tex.2002), or that the intended recipient refused all deliveries of certified mail, *see Roberts v. Roberts*, 133 S.W.3d 661, 663 (Tex.App.-Corpus Christi 2003, no pet.). Here, even though the presumption of receipt was rebutted by evidence that the notice of hearing was returned "unclaimed," HVAA presented no evidence that Etheredge dodged or refused delivery of certified mail. Accordingly, constructive notice of the summary judgment hearing could not be imputed to Etheredge. *See Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex.App.-Texarkana 2004, no pet.) (holding that trial court erred in determining that defendants received notice of trial setting when notice was returned unclaimed and plaintiffs offered no proof of "selective acceptance/refusal" of certified mail). Because the face of the record shows that Etheredge received neither actual nor constructive notice of HVAA's motion for summary judgment and the hearing on the motion, we sustain Etheredge's first issue.

**B. Notice of Request for Admissions**

■ Etheredge argues in his second issue that the trial court also erred in concluding that he received actual and constructive notice of HVAA's request for admissions. Again, the presumption of re-

ceipt was rebutted by proof on the face of the record that Etheredge did not receive the request for admissions: an affidavit of HVAA's attorney filed with the trial court in support of HVAA's motion for summary judgment states that the envelope sent to Etheredge containing the requests for admissions was returned unclaimed and attaches a copy of the envelope, which is stamped "UNCLAIMED." *See Payton,* 29 S.W.3d at 898. And again, without evidence in the record that Etheredge dodged or refused delivery of certified mail, constructive notice of the request for admissions cannot be imputed to him. *See Pessel,* 125 S.W.3d at 810; *Roberts,* 133 S.W.3d at 663. We sustain Etheredge's second issue.

## C. Effect of Lack of Notice on Trial Court's Grant of Summary Judgment

 Etheredge argues in his third issue that, because he did not receive proper notice of the summary judgment hearing, the trial court's grant of summary judgment was improper. Because summary judgment is a harsh remedy, we must strictly construe the notice requirements of the rule. *See Int'l Ins. Co. v. Herman G. West, Inc.,* 649 S.W.2d 824, 825 (Tex.App.-Fort Worth 1983, no writ). The movant must comply with all the requirements of Rule 166a before being entitled to summary judgment, and proper notice to the nonmovant of the summary judgment hearing is a prerequisite to summary judgment. *Id.; Rozsa v. Jenkinson,* 754 S.W.2d 507, 509 (Tex.App.-San Antonio 1988, no writ). Accordingly, because Etheredge received neither actual nor constructive notice of the summary judgment hearing, the trial court erred by granting

HVAA's motion for summary judgment without notice to Etheredge. *See Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 359 (Tex.1998); *Rozsa,* 754 S.W.2d at 509.

Contrary to HVAA's argument, our conclusion that Etheredge was not served with proper notice of the summary judgment motion and hearing and request for admissions is not guided by improper considerations of equitable grounds under the *Craddock* standard for motions for new trial. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Instead, without regard to equitable principles, we look solely to the issue of whether the record shows that the trial court erred by finding that Etheredge had proper notice of the motion and hearing. *See Norman Communications,* 955 S.W.2d at 270. The affidavits of HVAA's counsel and the copies of the envelopes stamped "UNCLAIMED" provide this showing on the face of the record. Accordingly, we sustain Etheredge's third issue.[2]

## IV. CONCLUSION

 Because we hold that the trial court erred by granting HVAA's summary judgment motion without proper notice to Etheredge, and because evidence of this error is apparent on the face of the record, we reverse the trial court's judgment and remand the case for proceedings consistent with this opinion.[3]

---

**2.** Because of our disposition of Etheredge's first three issues on appeal, we need not

reach his remaining issues. *See* Tex.R.App. P. 47.1.

**3.** Etheredge asks to be allowed on remand to

respond to HVAA's request for admissions. A party responding to a request for admissions must serve a written response "within 30 days after service of the request." Tex.R. Civ. P. 198.2(a). Because receipt is implicit in the concept of service, a party's duty to respond to requests for admissions is triggered upon receipt of the requests. *Payton,* 29 S.W.3d at 898. Therefore, on remand, Rule 198.2 will allow Etheredge thirty days to respond upon receiving HVAA's request for admissions unless HVAA establishes that Etheredge has already received constructive notice of the request. *See* Tex.R. Civ. P. 198.2(a); *Roberts,* 133 S.W.3d at 663; *Payton,* 29 S.W.3d at 898.