COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-215-CV

 

 

IN THE INTEREST OF

E.A. AND D.A.,
CHILDREN

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Norma A. appeals
from the trial court=s default
modification order that gave Appellee Emilio A. the right to determine the
primary residence of the children E.A. and D.A., ordered that she pay child
support, and awarded Emilio a credit for child support that he had incurred
while the children were living with him. 
Because we hold that the trial court did not abuse its discretion by
granting the default judgment or by denying Norma=s motion for new trial, we affirm the trial court=s judgment.













In her first issue, Norma contends
that the trial court erred when it granted a default judgment on an amended
petition seeking a more onerous judgment when the amended petition was not
served in strict compliance with the law. 
Initially, Norma complains that the amended petition was not served with
a new citation.  While Norma correctly
points out that the Texas Supreme Court held almost thirty years ago in Weaver
v. Hartford Accident and Indemnity Company that an amended petition asking
for a more onerous judgment than the original petition must be served along
with a new citation,[2]
rule 21a of the civil rules of procedure, promulgated by the Texas Supreme
Court years after Weaver, eliminated the requirement of an additional
citation.[3]  We therefore hold that no additional citation
was necessary in this case.   Because we
reject Norma=s Astrict service@ argument,
we also reject her argument that actual notice does not cure defective service
and her argument based on rule 107 that the certified receipt be on file for
ten days before the final hearing.  Rule
107, as it applies in this case, requires only that the citation be on file for
the requisite ten days before the final judgment is granted.[4]  The citation in this case was on file several
months before the final judgment was granted.

But Norma also argues that
she was never served and did not have constructive notice of the amended
petition.  As we have explained before in
a case involving a notice of hearing,

A document may be served on a party by delivering
a copy via certified or registered mail to the party's last known address.  Service by mail is complete upon deposit of
the document, enclosed in a postpaid, properly addressed wrapper, in a post
office or official depository under the care and custody of the United States
Postal Service.  A certificate by a party
or an attorney of record is prima facie evidence of the fact of service.  Accordingly, Rule 21a creates a presumption
that a notice of hearing setting, when properly mailed, was received by the
addressee.

 

However, the opposing party may rebut this
presumption by offering proof that the notice or document was not
received.  Here, it is apparent on the
face of the record that [the appellant] did not receive notice either of the
motion for summary judgment or of the hearing on the motion:  an affidavit of HVAA's attorney filed with
the trial court in support of HVAA's motion for summary judgment states that
the envelope containing copies of HVAA's motion for summary judgment and the
fiat setting the motion for hearing was returned bearing a stamp in red ink
indicating that the envelope was unclaimed by the addressee.  The affidavit attaches a copy of the
envelope, which is stamped AUNCLAIMED.@

 








HVAA argues that proper service by mail under
Rule 21a does not depend upon actual receipt by the addressee and that all  Rule 21a requires of a serving party is to
deposit the document in the mail.  We
disagree.  A[I]mplicit
in the concept of service is the need for the party upon whom an item is served
to actually receive it.@  If not, Athen there would be no reason
for those who drafted Rule 21a to state that nothing precluded a party from
establishing non‑receipt.@  Accordingly, a notice of hearing setting sent
by certified mail and returned Aunclaimed@ does
not provide the notice required by Rule 21a.

 

Even when a party does not receive actual notice,
if the serving party has complied with the requirements of Rule 21a, Aconstructive
notice@ may
be established if the serving party presents evidence that the intended
recipient engaged in instances of selective acceptance or refusal of certified
mail relating to the case or that the intended recipient refused all deliveries
of certified mail.[5]

 

Emilio=s trial counsel=s affidavit
filed in response to Norma=s amended motion to set aside default judgment and motion for new
trial provides that Emilio=s trial counsel mailed a copy of the amended petition to Norma via
certified mail, return receipt requested. 
The record contains a copy of the cover letter sent with the petition, a
copy of the certified mail receipt, and a copy of the envelope.  This evidence creates a presumption of
service.[6]  However, the envelope bears the stamped
notations AUnclaimed@ and AReturned to
Sender.@  Thus, the presumption of
service was rebutted.[7]








But the envelope also shows
that the post office attempted to deliver the certified document on three
different occasions.  Additionally, the
record contains a copy of the certified mail receipt and envelope showing that
the post office also attempted to deliver the final modification order on three
different occasions without success. 
That envelope too is marked AUnclaimed.@       Additionally, Emilio testified at the
modification hearing that he believed that Norma knew about the hearing and had
spoken to E.A. and Hector, her two older sons, about it.  Hector testified that he did not specifically
discuss with Norma when the hearing was to occur, but in response to the
question, A[D]oes she
know about this lawsuit?@ he
answered, A[S]he got
letters, like, go to her house.  She
should be informed.@  Finally, at the hearing on the motion for new
trial, Emilio=s trial
counsel stated without objection that her office had also mailed an amended
copy of the petition via regular mail which had not been returned.[8]








We note that despite the fact
that Norma did not claim the modification order by certified mail, she filed a
timely motion to set aside the order and motion for new trial.  We also note that in her Craddock[9]
defense, Norma relies on her inability to understand English as an excuse for
not filing an answer, not the absence of actual notice.

Consequently, we hold that
Emilio has established that Norma had constructive notice of the amended
petition.[10]  We also hold that the constructive notice
Norma received satisfies due process.[11]  Accordingly, we conclude that the trial court
did not err by granting the default judgment, and we overrule Norma=s first issue.

In her second issue, Norma
contends that the trial court erred by denying her motion for new trial because
she satisfied the Craddock test.[12]  We disagree. 
As the Texas Supreme Court reminds us,








We review a trial court's denial of a motion for
new trial for abuse of discretion.  A
default judgment should be set aside and a new trial granted if (1) the failure
to answer was not intentional or the result of conscious indifference but was
due to a mistake or accident, (2) the defendant sets up a meritorious defense,
and (3) the motion is filed at such time that granting a new trial would not
result in delay or otherwise injure the plaintiff.  The defendant's burden as to the first Craddock
element has been satisfied when the factual assertions, if true, negate
intentional or consciously indifferent conduct by the defendant and the factual
assertions are not controverted by the plaintiff.  In determining if the defendant's factual
assertions are controverted, the court looks to all the evidence in the record.

 

. . . . 

 

Failing to file an answer intentionally or due to
conscious indifference means Athe defendant knew it was
sued but did not care.@  When determining whether the defendant's
failure to file an answer was intentional or due to conscious indifference, a
court looks to the knowledge and acts of the defendant.  Not understanding a citation and then doing
nothing following service does not constitute a mistake of law that is sufficient
to meet the Craddock requirements. 
But, we have also held that some excuse, although not necessarily a good
one, will suffice to show that a defendant's failure to file an answer was not
because the defendant did not care.[13]

 








Norma relies on her alleged
inability to speak and read the English language to disprove conscious
indifference.  The Texas Supreme Court,
however, has held that a failure to understand a document does not by itself
amount to a mistake sufficient to satisfy Craddock.[14]  Our review of the record shows that Norma=s alleged failure to understand English is the only evidence she
relies on to disprove conscious indifference. 
Our review of the record also shows that Norma already had some
familiarity with the judicial process: she was the petitioner in the divorce
and was represented by the same counsel who filed her postjudgment motions and
who represents her on appeal. 
Consequently, we hold that Norma has failed to satisfy the first prong
of Craddock.[15]  We therefore hold that the trial court did
not abuse its discretion by denying her motion for new trial, and we overrule
her second issue.      Having overruled
both of Norma=s issues, we
affirm the trial court=s judgment.

 

PER CURIAM

PANEL M:   DAUPHINOT, J.; CAYCE,
C.J.; and MCCOY, J.

DELIVERED: 
December 6, 2007











[1]See Tex. R. App. P. 47.4.





[2]570
S.W.2d 367, 370 (Tex. 1978).





[3]Tex. R. Civ. P. 21a; see also In
re R.D.C., 912 S.W.2d 854, 856 (Tex. AppCEastland 1995, no writ)
(holding same).





[4]See Tex. R. Civ. P. 107.





[5]Etheredge
v. Hidden Valley Airpark Ass'n, Inc., 169 S.W.3d
378, 381B82
(Tex. App.CFort
Worth 2005, pet. denied) (op. on reh=g) (citations omitted).





[6]See
id. at 381.





[7]See
id. at 381-82.





[8]See Mathis
v. Lockwood, 166 S.W.3d 743, 744B45
(Tex. 2005) (holding that oath requirement regarding attorney=s
testimony was waived when no objection was raised in circumstances that clearly
indicated that attorney was tendering evidence on the record based on personal
knowledge on the sole contested issue).





[9]Craddock
v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939).





[10]See
Etheredge, 169 S.W.3d at 382.





[11]See
Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80,
84, 108 S. Ct. 896, 899 (1988); LBL Oil Co. v. Int=l
Power Servs., Inc., 777 S.W.2d 390, 391 (Tex. 1989).





[12]Craddock, 133
S.W.2d at 126.





[13]In re
R.R., 209 S.W.3d 112, 114B15 (Tex. 2006) (citations
omitted).





[14]See
id. (citing Bank One, Tex., N.A. v. Moody, 830
S.W.2d 81, 84 (Tex. 1992)).





[15]See
id. at 114B15.