287 S.W.3d 38 (2007)
In the Interest of E.A. and D.A., Children.
No. 2-07-215-CV.
Court of Appeals of Texas, Fort Worth.
December 6, 2007.
Rehearing Overruled January 10, 2008.
*40 Bethany F. Lucking, Wichita Falls, for Appellant.
Milissa C. Barrick, Law Office of Milissa C. Barrick, P.C., Wichita Falls, for Appellee.
Panel M: DAUPHINOT, J.; CAYCE, C.J.; and McCOY, J.

MEMORANDUM OPINION[1]
PER CURIAM.
Appellant Norma A. appeals from the trial court's default modification order that gave Appellee Emilio A. the right to determine the primary residence of the children E.A. and D.A., ordered that she pay child support, and awarded Emilio a credit for child support that he had incurred while the children were living with him. Because we hold that the trial court did not abuse its discretion by granting the default judgment or by denying Norma's motion for new trial, we affirm the trial court's judgment.
In her first issue, Norma contends that the trial court erred when it granted a default judgment on an amended petition seeking a more onerous judgment when the amended petition was not served in strict compliance with the law. Initially, Norma complains that the amended petition was not served with a new citation. While Norma correctly points out that the Texas Supreme Court held almost thirty years ago in Weaver v. Hartford Accident and Indemnity Company that an amended petition asking for a more onerous judgment *41 than the original petition must be served along with a new citation,[2] rule 21a of the civil rules of procedure, promulgated by the Texas Supreme Court years after Weaver, eliminated the requirement of an additional citation.[3] We therefore hold that no additional citation was necessary in this case. Because we reject Norma's "strict service" argument, we also reject her argument that actual notice does not cure defective service and her argument based on rule 107 that the certified receipt be on file for ten days before the final hearing. Rule 107, as it applies in this case, requires only that the citation be on file for the requisite ten days before the final judgment is granted.[4] The citation in this case was on file several months before the final judgment was granted.
But Norma also argues that she was never served and did not have constructive notice of the amended petition. As we have explained before in a case involving a notice of hearing,
A document may be served on a party by delivering a copy via certified or registered mail to the party's last known address. Service by mail is complete upon deposit of the document, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. A certificate by a party or an attorney of record is prima facie evidence of the fact of service. Accordingly, Rule 21a creates a presumption that a notice of hearing setting, when properly mailed, was received by the addressee.
However, the opposing party may rebut this presumption by offering proof that the notice or document was not received. Here, it is apparent on the face of the record that [the appellant] did not receive notice either of the motion for summary judgment or of the hearing on the motion: an affidavit of HVAA's attorney filed with the trial court in support of HVAA's motion for summary judgment states that the envelope containing copies of HVAA's motion for summary judgment and the fiat setting the motion for hearing was returned bearing a stamp in red ink indicating that the envelope was unclaimed by the addressee. The affidavit attaches a copy of the envelope, which is stamped "UNCLAIMED."
HVAA argues that proper service by mail under Rule 21a does not depend upon actual receipt by the addressee and that all Rule 21a requires of a serving party is to deposit the document in the mail. We disagree. "[I]mplicit in the concept of service is the need for the party upon whom an item is served to actually receive it." If not, "then there would be no reason for those who drafted Rule 21a to state that nothing precluded a party from establishing non-receipt." Accordingly, a notice of hearing setting sent by certified mail and returned "unclaimed" does not provide the notice required by Rule 21a.
Even when a party does not receive actual notice, if the serving party has complied with the requirements of Rule 21a, "constructive notice" may be established if the serving party presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail *42 relating to the case or that the intended recipient refused all deliveries of certified mail.[5]
Emilio's trial counsel's affidavit filed in response to Norma's amended motion to set aside default judgment and motion for new trial provides that Emilio's trial counsel mailed a copy of the amended petition to Norma via certified mail, return receipt requested. The record contains a copy of the cover letter sent with the petition, a copy of the certified mail receipt, and a copy of the envelope. This evidence creates a presumption of service.[6] However, the envelope bears the stamped notations "Unclaimed" and "Returned to Sender." Thus, the presumption of service was rebutted.[7]
But the envelope also shows that the post office attempted to deliver the certified document on three different occasions. Additionally, the record contains a copy of the certified mail receipt and envelope showing that the post office also attempted to deliver the final modification order on three different occasions without success. That envelope too is marked "Unclaimed."
Additionally, Emilio testified at the modification hearing that he believed that Norma knew about the hearing and had spoken to E.A. and Hector, her two older sons, about it. Hector testified that he did not specifically discuss with Norma when the hearing was to occur, but in response to the question, "[D]oes she know about this lawsuit?" he answered, "[S]he got letters, like, go to her house. She should be informed." Finally, at the hearing on the motion for new trial, Emilio's trial counsel stated without objection that her office had also mailed an amended copy of the petition via regular mail which had not been returned.[8]
We note that despite the fact that Norma did not claim the modification order by certified mail, she filed a timely motion to set aside the order and motion for new trial. We also note that in her Craddock[9] defense, Norma relies on her inability to understand English as an excuse for not filing an answer, not the absence of actual notice.
Consequently, we hold that Emilio has established that Norma had constructive notice of the amended petition.[10] We also hold that the constructive notice Norma received satisfies due process.[11] Accordingly, we conclude that the trial court did not err by granting the default judgment, and we overrule Norma's first issue.
In her second issue, Norma contends that the trial court erred by denying her motion for new trial because she satisfied the Craddock test.[12] We disagree. As the Texas Supreme Court reminds us,

*43 We review a trial court's denial of a motion for new trial for abuse of discretion. A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. The defendant's burden as to the first Craddock element has been satisfied when the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record.
....
Failing to file an answer intentionally or due to conscious indifference means "the defendant knew it was sued but did not care." When determining whether the defendant's failure to file an answer was intentional or due to conscious indifference, a court looks to the knowledge and acts of the defendant. Not understanding a citation and then doing nothing following service does not constitute a mistake of law that is sufficient to meet the Craddock requirements. But, we have also held that some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care.[13]
Norma relies on her alleged inability to speak and read the English language to disprove conscious indifference. The Texas Supreme Court, however, has held that a failure to understand a document does not by itself amount to a mistake sufficient to satisfy Craddock.[14] Our review of the record shows that Norma's alleged failure to understand English is the only evidence she relies on to disprove conscious indifference. Our review of the record also shows that Norma already had some familiarity with the judicial process: she was the petitioner in the divorce and was represented by the same counsel who filed her postjudgment motions and who represents her on appeal. Consequently, we hold that Norma has failed to satisfy the first prong of Craddock.[15] We therefore hold that the trial court did not abuse its discretion by denying her motion for new trial, and we overrule her second issue.
Having overruled both of Norma's issues, we affirm the trial court's judgment.
NOTES
[1] See TEX.R.APP. P. 47.4.
[2] 570 S.W.2d 367, 370 (Tex. 1978).
[3] TEX.R. CIV. P. 21a; see also In re R.D.C., 912 S.W.2d 854, 856 (Tex. App-Eastland 1995, no writ) (holding same).
[4] See TEX.R. CIV. P. 107.
[5] Etheredge v. Hidden Valley Airpark Ass'n, Inc., 169 S.W.3d 378, 381-82 (Tex.App.-Fort Worth 2005, pet. denied) (op. on reh'g) (citations omitted).
[6] See id. at 381.
[7] See id. at 381-82.
[8] See Mathis v. Lockwood, 166 S.W.3d 743, 744-45 (Tex.2005) (holding that oath requirement regarding attorney's testimony was waived when no objection was raised in circumstances that clearly indicated that attorney was tendering evidence on the record based on personal knowledge on the sole contested issue).
[9] Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).
[10] See Etheredge, 169 S.W.3d at 382.
[11] See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988); LBL Oil Co. v. Int'l Power Servs., Inc., 777 S.W.2d 390, 391 (Tex.1989).
[12] Craddock, 133 S.W.2d at 126.
[13] In re R.R., 209 S.W.3d 112, 114-15 (Tex. 2006) (citations omitted).
[14] See id. (citing Bank One, Tex., N.A. v. Moody, 830 S.W.2d 81, 84 (Tex. 1992)).
[15] See id. at 114-15.