

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00102-CV

Cathy **GIDDINGS**,
Appellant

v.

Ralph **CURTIS**, M.D.,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-06825
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 10, 2015

AFFIRMED

This case stems from a final summary judgment in a health care liability claim brought pursuant to chapter 74 of the Texas Civil Practices and Remedies Code. *See, generally,* TEX. CIV. PRAC. & REM. CODE ANN. ch. 74 (West 2011). On appeal, Appellant Cathy Giddings asserts that, because she was not provided with notice of the hearing or an opportunity to present evidence, the trial court erred in granting Appellee Ralph Curtis, M.D.'s no-evidence motion for summary judgment. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2012, Giddings filed suit against Curtis for damages resulting from alleged departures from acceptable standards of medical care. Specifically, Giddings alleged Curtis was negligent in the treatment of Giddings' post-operative care and complaints of foot and leg pain, numbness, and weakness.

On October 20, 2014, Giddings' counsel filed a motion to withdraw and requested the March 16, 2015 trial setting be postponed for at least ninety days to allow Giddings time to hire new counsel. The trial court granted the motion to withdraw on November 5, 2014. The order was silent as to any continuance of the trial setting or abatement of the case.

On December 2, 2014, Curtis filed a no-evidence motion for summary judgment asserting:

> [Giddings] in this case cannot bring forth any legally competent or sufficient evidence to raise a genuine issue of material fact as to any one of the elements of [Giddings]'s cause of action. Specifically, there is no evidence that (a) [Curtis] owed [Giddings] a duty of care, (b) [Curtis] breached that duty—that is, [Curtis] did not meet the applicable standards of care, or (c) [Curtis]'s breach proximately caused [Giddings]'s injury and claimed damages.

The certificate of service indicates a copy of the motion and notice that the matter was set for hearing on January 5, 2015 was sent via certified U.S. Mail and First Class U.S. Mail to the address provided in Giddings' counsel's motion to withdraw. On January 20, 2015, the trial court granted summary judgment in favor of Curtis.

In her sole issue on appeal, Giddings asserts she was not provided notice of the hearing on the no-evidence summary judgment and, therefore, could not be present at said hearing or be aware of the deadline to file and serve her response and summary judgment evidence. Curtis counters the trial court was compelled to grant the no-evidence motion for summary judgment because Giddings failed to present expert testimony necessary to raise a genuine issue of material fact regarding the elements of her health care liability claim.

**NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT**

**A. Standard of Review and Applicable Law**

After an adequate time for discovery, a party may move for no-evidence summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166(a)(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "Rule 166(a)(i) does not require that discovery must have been completed, but rather that there was an 'adequate time.'" *In re Guardianship of Patlan*, 350 S.W.3d 189, 196 (Tex. App.—San Antonio 2011, no pet.). We note Giddings filed suit on April 24, 2012, and Curtis's no-evidence motion was on December 2, 2014, more than two and a half years after Giddings filed suit.

The burden then shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166(a)(i); *Hamilton*, 249 S.W.3d at 426; *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The trial court *must* grant the motion unless the non-movant presents more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166(a)(i) (emphasis added); *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) ("More than a scintilla of evidence exists when the evidence supporting the finding, as a whole, 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'") (internal citations omitted).

Although a motion for no-evidence summary judgment is reviewed de novo, *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009), we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). A no-evidence point will be sustained when (1)

there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Havner*, 953 S.W.2d at 711). Because the trial court's order does not specify the grounds for its ruling, we may affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003)).

**B.      Health Care Liability Claim**

Section 74.001(a)(13) defines a health care liability claim as:

> [A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13); *see Diversicare*, 185 S.W.3d at 848. "[C]laims premised on facts that *could* support claims against a physician or health care provider for departures from accepted standards of medical care . . . directly related to health care are HCLCs, regardless of whether the plaintiff alleges the defendant is liable for breach of any of those standards." *Loaisiga*, 379 S.W.3d at 255 (emphasis original).

To prevail on a medical-malpractice claim, the plaintiff must prove: (1) the health care provider had a duty to act according to a certain standard; (2) the provider breached that standard; and (3) the breach proximately caused the plaintiff to sustain injury. *See Hamilton*, 249 S.W.3d at 426 (recognizing required elements applied by appellate court).

We, therefore, look to the record to determine whether Giddings raised a scintilla of evidence establishing a genuine issue of material fact on the challenged elements. *See* TEX. R. CIV. P. 166(a)(i).

**C.     Appellate Record**

*1.     Lack of Notice*

Giddings contends she was not provided with notice of the hearing and therefore did not file a response or appear for the hearing. Rule 166a affords the nonmovant the right to have minimum notice of the hearing on a motion for summary judgment. *See Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994). Lack of notice to the nonmovant of the summary judgment hearing violates the nonmovant's due process rights. *See Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied).

A document may be served on a party by delivering a copy via certified or registered mail to the party's last known address. *See* TEX. R. CIV. P. 21a. Service by mail is complete upon deposit of the document, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. *Id.* Rule 21a was amended effective January 1, 2014, to permit service by regular mail. *See* TEX. R. CIV. P. 21a. Therefore, the mailing of the no-evidence summary judgment motion and subsequent hearing notice was a proper manner of service prescribed by Rule 21a. A certificate by a party or an attorney of record is prima facie evidence of the fact of service. *Id.* "In the absence of evidence to the contrary, the presumption has the force of a rule of law." *Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). The opposing party may rebut the presumption by an offer of proof. *Id*.

Here, although Giddings contends she did not receive notice regarding the hearing, we conclude that Rule 21a created a presumption that Curtis's notice of the hearing on Curtis's no-

evidence motion for summary judgment was properly mailed and received by the addressee, i.e. Giddings. *See id.*

> 2. *Expert Report*

Giddings contends an expert report was prepared and that she did not attend the summary judgment hearing because she was not provided notice. Attached to her appellate brief were several documents, including a file-stamped copy of an expert report prepared on April 23, 2012, and filed with the Bexar County District Clerk on June 23, 2012.

On appeal, an appellate court may not consider documents that are not admitted as evidence or made part of the appellate record. *See* TEX. R. APP. P. 34.1; *Fox v. Alberto*, 455 S.W.3d 659, 668 n.5 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record." TEX. R. APP. P. 34.1; *see also Whytus v. State*, 624 S.W.2d 290, 291 (Tex. App.—Dallas 1981, no pet.) (holding in direct appeal that record must affirmatively show the existence of a certification order and that State's quotation of certification order in its brief could not be relied on because not part of appellate record). Because documents attached to Giddings' appellate brief are not part of the record, they may not be considered by this court.

## CONCLUSION

In the absence of proof to the contrary, the Rule 21a presumption that Giddings received notice of the motion for no-evidence summary judgment and hearing has the force of a rule of law. Additionally, although Giddings attached several documents to her appellate brief, they are not a part of the appellate record and may not be considered on appeal. Accordingly, we conclude Giddings failed to present a scintilla of evidence creating a material fact issue as to her medical liability claims. The trial court, therefore, did not err in granting summary judgment in favor of Curtis.

Giddings' sole issue on appeal is overruled and we affirm the trial court's judgment.

Patricia O. Alvarez, Justice