

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00118-CV

IN THE INTEREST OF A CHILD

----------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 325-554472-14

----------

## CONCURRING OPINION

----------

### I. Introduction

If it looks like a duck, walks like a duck, swims like a duck, quacks like a duck—and most importantly *calls itself* a duck—it's a duck.

The majority opinion holds that the trial court "correctly" recharacterized a three-page, bare-bones "Motion to Dismiss" as a motion for summary judgment pursuant to rule of civil procedure 71 even though the dismissal motion made no mention of rule 166a, never employed the terms "summary" or "summary judgment," included no reference to the summary judgment standard of review,

provided no guidance on whether a traditional or no-evidence burden should apply, and did not request summary judgment relief.[1]  Because, at best, such a

_____

[1]In the introduction on page one, movant referred to the motion as a "Motion to *Dismiss with prejudice.*"  [Emphasis added.]  Section I on page one provided a brief factual summary and procedural history of the case.

Page two began with section II, entitled "Grounds of *Dismissal.*"  [Emphasis added.]  This section consisted of two sentences, "[The parents] had the opportunity to file a motion for new trial because they had sufficient notice of the judgment.  Having failed to do so, they are now precluded from filing a bill of review."

Section III, entitled "Argument and Authorities," followed on pages two and three with four paragraphs.  The first paragraph set forth the elements of proof required to prevail in a bill of review proceeding and concluded with the sentence, "At issue here is whether [the parents] had timely notice of the judgment within the time frame set forth in Rule 306a TRCP in order to file a motion for new trial."

The second paragraph of section III consisted of one sentence, "A party who has notice of the entry of a judgment while the remedy of filing a motion for new trial is available and who fails to do so, is precluded from asserting a bill of review," followed by citations in support of that statement.  The third paragraph, in six sentences, discussed a party's duty to inquire as to whether a judgment has been signed and the law with regard to imposition of constructive notice when a party fails to make such inquiry.  The fourth paragraph consisted of a two-sentence summary, "Because [the parents] each signed the judgment, they participated in the trial . . . .  They were therefore charged with notice of the judgment and had a duty to inquire when the judgment was entered."  [Citations omitted.]

Finally, the motion concluded with a prayer for relief:

> WHEREFORE, Respondent prays that notice be given . . . and that upon hearing Respondent's Motion that it be granted and that Petitioner's Original Petition for Bill of Review be *dismissed with prejudice* and for such other and further relief to which Respondent may be entitled to receive.  [Emphasis added.]

2

holding would create uncertainty and, at worst, it would create a trap for civil practitioners and trial courts who are guided by the words we choose, I cannot agree with the majority opinion. But because I agree with the result reached, I respectfully concur rather than dissent.

## II. Discussion

### A. Summary Judgments and Due Process

Summary judgments deprive litigants of the right to a jury trial and are not to be granted without the procedural protections necessary to provide the nonmovant with due process. *See Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied). For example, the nonmovant is entitled to proper notice under rule 166a, and the failure to provide notice deprives the litigant of the right to be heard, constitutes a denial of due process, and is grounds for reversal. *See Lewis v. Blake*, 876 S.W.2d 314, 315 (Tex. 1994); s*ee also Etheredge v. Hidden Valley Airpark Ass'n*, 169 S.W.3d 378, 383 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g). Due process also requires that the parties receive notice "'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.'" *Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950)); *see* Tex. R. Civ. P. 166a(c).

3

Further, a court cannot grant summary judgment on grounds not expressly presented in the motion. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011); *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). The summary judgment motion must give fair notice to the nonmovant of the basis on which the summary judgment is sought. Tex. R. Civ. P. 166a; *Waite v. Woodard, Hall & Primm*, 137 S.W.3d 277, 281 (Tex. App.—Houston [1st Dist.] 2004, no pet.). And in determining whether grounds are expressly presented, we may look only to the motion itself; we may not rely on briefs or summary judgment evidence—even if attached to the motion itself—or any other document on file in the case. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex. 1997) (citing *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993)); *Garza v. CTX Mortg. Co.,* 285 S.W.3d 919, 923 (Tex. App.—Dallas 2009, no pet.); *see* Tex. R. Civ. P. 166a(c), (i). Likewise, the standard of review provides procedural protections. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

When granted, a motion for summary judgment results in a judgment on the merits on the particular ground or grounds raised. *See* Tex. R. Civ. P. 166a(a)–(c), (i). In contrast, generally speaking, motions to dismiss, when granted, result in dismissal orders, either with or without prejudice. *See, e.g., Turner v. Delgado*, No. 09-14-00339-CV, 2015 WL 7300711, at *1 (Tex. App.—Beaumont Nov. 19, 2015, no pet.) (mem. op.); *Leachman v. Dretke*, 261 S.W.3d

4

297, 312 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 13.001, 14.003, 14.010 (West 2002) (addressing dismissals for indigent or incarcerated civil parties), § 74.351(b) (West Supp. 2015) (addressing dismissals in health care liability cases); Tex. R. Civ. P. 165a (setting out procedure governing dismissal for want of prosecution).

## B. Gladney's Motion to Dismiss

On its face, the motion to dismiss filed by Gladney in this case bears no resemblance to a motion for summary judgment. The motion contains nary a hint that the motion's true nature was—or even could be—a motion that would trigger an analysis or response pursuant to rule 166a.

Nor does the record demonstrate that either party viewed the motion to dismiss as a summary judgment motion. In their response to Gladney's motion to dismiss, the parents argued that summary judgment, not dismissal, was one of only two proper procedural vehicles (the other being a special exception) to raise Gladney's issue. The parents' attorney repeated this at the dismissal hearing. Fully aware of this challenge to its dismissal motion prior to the hearing, Gladney nonetheless chose to proceed with its chosen vehicle. Only when pressed at the hearing on the dismissal motion did Gladney's attorney suggest to the trial court that it would be "entirely proper to consider [the motion to dismiss] a motion for summary judgment." In response, the parents' attorney lodged more than one objection, voicing several of the due process concerns addressed herein.

5

Nevertheless, at the conclusion of the hearing, the trial court found that the motion to dismiss was an "inartfully named"[2] motion for summary judgment.

But for the fact that the trial court simultaneously cured the due process problems created by its erroneous[3] redesignation, the trial court's action would have constituted an abuse of discretion. But the discretion afforded a trial court includes the right to be wrong, as long as it does no harm. *See Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 936 (Tex. App.—Austin 1987, no writ) (observing that the abuse-of-discretion standard also "protects to a limited degree the trial court's 'right' to be wrong without suffering appellate revision" when the trial court's error is not prejudicial or does not result in injury). Because the trial court gave the parents notice that it was considering the motion

---

[2]In response to Gladney's assertion that "Rule 71 says how it's designated has got nothing to do with the substance of the motion," the trial court asked the parents' attorney, "[If] I find that . . . [the] Motion To Dismiss is just inartfully named and it really is a Motion for Summary Judgment, what is it that you need time to do that you haven't already done in response?"

[3]Rule 71 states, "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated . . . ." *See* Tex. R. Civ. P. 71. The word "*require*" has been defined to mean "demand, compel, need, to be in need of." Black's Law Dictionary (5th ed. 1979). While the redesignation was more expedient, at least from Gladney's perspective, Gladney provided no argument or evidence of any compelling need for the redesignation such that it could be said that justice *required* it. Nor was there any showing of mistaken designation, i.e., Gladney did not offer any evidence or even argue that the motion was *mistakenly* designated "Motion to Dismiss" when it should have been designated "Motion for Summary Judgment."

6

to dismiss as a motion for summary judgment on the narrow ground articulated in the record, provided additional time for discovery, and granted an extension of the time allowed by the rules to file a summary judgment response to the redesignated motion, the erroneous ruling caused no harm.

Under different circumstances, such redesignation could have operated to deprive a litigant of his or her procedural safeguards. So, it is only because of the circumstances peculiar to this case—the trial court's mitigation of harm attendant to the error—that we should find no abuse of discretion in the redesignating of the motion to dismiss as a motion for summary judgment. To go further and pronounce legally correct the practice of redesignating a motion to dismiss like the one presented here as a motion for summary judgment—especially when it is unnecessary to reach the same result in this case—places an unnecessary and unreasonable burden upon trial practitioners in the future who are charged with the duty of adequately responding to motions.

Standing alone, as written, Gladney's motion to dismiss would not provide fair notice to any legal practitioner or party that summary judgment, as opposed to dismissal, was sought. But because the majority would characterize the trial court's action as legally "correct," prudent practitioners may now feel compelled to engage in time-consuming, costly, and frustrating mental gymnastics aimed at predicting any possible alternative way an otherwise clearly-drafted and properly-styled motion could be redesignated by a trial court. Then they must consider devoting the additional time and resources to respond accordingly. Likewise, trial

7

judges may now feel obliged to look beyond labels, words, and arguments in well-articulated, unambiguous motions—even when no mistake is alleged or proven and justice does not require redesignation—lest they make a legally incorrect decision. *See* Tex. R. Civ. P. 71.

Thus, the majority's conclusion that the trial court's decision was legally correct, rather than harmless error, creates an unnecessary trap for practitioners and trial courts alike.

### III. Conclusion

Because the majority would affix its imprimatur upon the practice of judicial redrafting of an unambiguous motion to dismiss into a motion for summary judgment under the auspices of rule 71, I concur only in the outcome.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

DELIVERED: April 7, 2016