COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| WENDY AMAYA, | | No. 08-07-00086-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 171st District Court |
| | § | |
| ANDRES S. ENRIQUEZ, M.D., | | of El Paso County, Texas |
| INDIVIDUALLY AND D/B/A | § | |
| FRANKLIN MEDICAL CENTER, | | (TC # 2006-012) |
| | § | |
| Appellee. | | |

## **O P I N I O N**

Wendy Amaya appeals from an order dismissing her medical malpractice claim against

Andres S. Enriquez, M.D., individually and d/b/a Franklin Medical Center. At issue is the timeliness

of the defendants' objection to the plaintiff's expert reports. For the reasons that follow, we reverse

and remand.

### FACTUAL SUMMARY

On January 3, 2006, Wendy Amaya filed a medical malpractice suit against Andres S.

Enriquez, M.D., individually and d/b/a Franklin Medical Center (Dr. Enriquez). On May 3, 2006--

a Wednesday--Amaya filed the expert report of Dr. Charles A. Cefalu in support of her claims. She

served the report on counsel for Dr. Enriquez by facsimile at 2:59 p.m. the same day. A few minutes

later, Amaya faxed the report again.[1] At 3:26 p.m., twenty-seven minutes after the first fax was

---

[1] The record does not indicate why Amaya sent the fax twice and followed the faxes with personal delivery.
At the hearing, Amaya's counsel stated that they were they were taking every precaution to ensure that the expert report
was served on May 3.

delivered, Amaya hand-delivered the report to counsel. On May 30, 2006, Dr. Enriguez filed a motion to dismiss, objecting to the adequacy of the report. Amaya then filed an objection to the motion complaining that it was untimely as it had not been filed within twenty-one days after service of the expert report. Dr. Enriguez countered that because the report had first been served by facsimile, he was entitled to an additional three days in which to file any objections, and therefore, his motion filed on May 30, 2006 was timely.[2] On November 15, 2006, the trial court conducted a hearing on the doctor's motion to dismiss and Amaya's objection. It impliedly overruled Amaya's timeliness objection and determined that Dr. Cefalu's report was deficient, but it granted Amaya an additional thirty days to comply with Chapter 74. Amaya subsequently filed and served a revised report from Dr. Cefalu and an expert report from Bruce Adornato, M.D. On January 3, 2007, Dr. Enriquez filed a motion to dismiss challenging the sufficiency of both expert reports. The trial court conducted a hearing on March 7, 2007 and determined that the reports were insufficient. Consequently, the court entered an order dismissing Amaya's suit.

## TIMELINESS OF CHALLENGE TO EXPERT REPORT

In her first issue, Amaya contends that Dr. Enriquez's challenge to the sufficiency of the expert report was untimely, and therefore, the trial court erred by considering the merits of the motion. Amaya asserts that because the expert report was hand-delivered to Dr. Enriquez's counsel on May 3, 2006, any objection or challenge to the sufficiency of the expert report was due to be filed no later than May 24, 2006. Because Dr. Enriquez did not file the report until May 30, 2006, Amaya reasons that the motion was filed untimely. Dr. Enriquez responds that because the expert report was

---

[2] The twenty-first day fell on May 24, 2006, a Wednesday. Under Dr. Enriguez's theory, however, the due date was extended to May 27, 2006, a Saturday. The following Monday, May 29, 2006 was a holiday and the El Paso County Courthouse was closed. Dr. Enriquez did not file his objection to the sufficiency of the expert report until Tuesday, May 30, 2006.

first served upon counsel by facsimile, he was entitled to the additional three day period provided by TEX.R.CIV.P. 21a, even though the expert report was also served upon counsel by hand-delivery the same day.

Section 74.351(a) of the Civil Practice and Remedies Code provides:

In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. *Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.* [Emphasis added].

TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a)(Vernon Supp. 2008).

Section 74.351 does not define how the plaintiff must serve the expert report on the defendant. Although Rule 21a does not expressly reference service of a report required by a statute, several intermediate appellate courts have concluded that service of the expert report is governed by Rule 21a of the Texas Rules of Civil Procedure.[3] *See  University of Texas Health Science Center at Houston v. Gutierrez*, 237 S.W.3d 869, 872 (Tex.App.--Houston [1st Dist.] 2007, pet. denied); *Herrera v. Seton Northwest Hospital*, 212 S.W.3d 452, 459 (Tex.App.--Austin 2006, no pet.); *Kendrick v. Garcia*, 171 S.W.3d 698, 703-04 (Tex.App.--Eastland 2005, pet. denied). Section 74.001(b) of the Civil Practice and Remedies Code provides that any undefined legal term or word

---

[3]  Rule 21a, in pertinent part, provides:

*Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21*, other than the citation to be served upon the filing of a cause of action and except as otherwise expressly provided in these rules, may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct.

of art is to be given "such meaning as is consistent with the common law." TEX.CIV.PRAC.&REM. CODE ANN. § 74.001(b)(Vernon 2005). Black's Law Dictionary defines "serve" as "[t]o make legal delivery of a notice or process" or "[t]o present a person with a notice or process as required by law"). BLACK'S LAW DICTIONARY 1372 (7th ed. 1999). Used broadly, the term "serve" generally refers to the delivery by a party of a document to the proper party in a manner that provides reasonable, sufficient notice. *Spiegel v. Strother*, 262 S.W.3d 481 (Tex.App.--Beaumont 2008, no pet.). Rules 21 and 21a are followed in providing notice that is less formal than the citation required to be served upon the filing of a cause of action. *Id*; *see* TEX.R.CIV.P. 21, 21a. The Rules of Civil Procedure apply to healthcare liability claims. *See* TEX.R.CIV.P. 2 (the Rules of Civil Procedure govern the procedure to be followed in all civil actions in the justice, county, and district courts of our state). Given the application of the Rules of Civil Procedure to healthcare liability claims and the Legislature's use of the word "serve" in Section 74.351(a), we agree that Rule 21a applies to service of the expert report. It follows that Rule 21a's provision for adding three days to any prescribed period where service has been accomplished by mail or fax would also apply to the filing and service of any objection to the sufficiency of the expert report.

Rule 21a of the Texas Rules of Civil Procedure prescribes four methods of service: (1) by certified or registered mail; (2) by delivery; (3) by telephonic document transfer; or (4) such other manner as the court in its discretion may direct. TEX.R.CIV.P. 21a. Notice may be served by a party to the suit, an attorney of record, a sheriff or constable, or by any other person competent to testify. TEX.R.CIV.P. 21a.

Service by mail is complete and the party is considered served on the date the document is mailed. *Id.* Rule 21a assumes that the postal service will deliver the document within three days after it is mailed. *See* O'Connor's Texas Rules Civil Trials ch. 1-D,§ 6.1 (2008 ed.). To determine

the date to file an objection under Section 74.351(a) when the expert report was delivered by mail, the recipient adds three days to the 21-day time period provided for by Section 74.351(a). *See* TEX.R.CIV.P. 21a. Service by personal delivery is complete when the document is delivered to the person or office to which it is addressed. In such a case, the recipient of an expert report is not entitled to any additional time to respond. Documents served by fax are considered served on the day the fax is sent provided they are received before 5:00 p.m. local time of the recipient. *See* TEX.R.CIV.P. 21a. Service by fax after 5:00 p.m. local time of the recipient is deemed served on the following day. *Id.* When the expert report is served by fax, the recipient adds three days to Section 74.351(a)'s 21-day time period for filing an objection to the sufficiency of the expert report. One apparent reason for adding three days to any prescribed period when service is accomplished by fax is to equalize as much as possible the time by which a party must respond. Documents may be served by facsimile any day and any time of the week, not just during regular business hours on ordinary business days. Saturdays, Sundays, and legal holidays are counted for purpose of the three-day periods in Rule 21 and 21a. Thus, if a document is served by fax on a Saturday or Sunday before 5:00 p.m., the recipient's time to respond would begin to run even though the recipient might not see the fax until the following Monday (assuming it is not a holiday).

Amaya first faxed the expert report to Dr. Enriquez's attorney and then hand-delivered it to the attorney's office less than thirty minutes later. Under Section 74.351(a), Dr. Enriquez was required to file any objection to the sufficiency of the report not later than the twenty-first day after the service date, except Rule 21a provides that "[w]henever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon by mail or by telephonic document transfer, three days shall be added to the prescribed period." TEX.R.CIV.P. 21a. The twenty-first day fell on May 24, 2006, a

Wednesday. Dr. Enriguez reasons that because he was served first by fax, the due date for his response is automatically extended three days by Rule 21a and his response was not due until May 30, 2006 because the last day of the time period fell on May 27, a Saturday, and the following Monday, May 29, was a legal holiday. *See* TEX.GOV'T CODE ANN. § 662.003(a)(4)(Vernon 2004)(Memorial Day).

Dr. Enriquez argues that the purpose of Rule 21a is "to give the parties a definite date from which to compute the timeliness of any required act." Under either method of service, personal delivery or fax, service was complete on May 3, 2006. The purpose of Rule 21a is satisfied because Dr. Enriquez had a definite date from which he could compute the due date of his response to the expert report, namely, May 3, 2006. The critical issue is whether Dr. Enriquez is entitled to have the 21-day period extended by three days because Amaya served him by *both* fax and personal delivery. Dr. Enriquez reasons that service was complete when the fax was sent and the subsequent hand-delivery of the expert report was redundant and simply irrelevant to the computation of the time to respond. The Rules of Civil Procedure do not address whether the additional three-day period applies when a party is served on the same day by two methods of service only one of which allows for the addition of three days to the time to respond. Further, neither party cites any cases directly on point and we are aware of none addressing this issue. The apparent purpose of Rule 21a's provision adding three days to a time period when a party is served by fax or mail is to ensure that the party has roughly the same time to respond as if the party had been served by personal delivery. But when a party is served by both fax and hand-delivery on the same day, there is no logical reason to give the party an additional three days. We find that the trial court erred by impliedly overruling Amaya's motion to dismiss Dr. Enriquez's objection to the expert report. We sustain Issue One and reverse the order of the trial court dismissing Amaya's claims against Dr. Enriquez, individually and

d/b/a Franklin Medical Center.  Given our disposition of Issue One, it is unnecessary to address the remaining issues on appeal.  The cause is remanded to the trial court for further proceedings consistent with his opinion.


July 31, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment