Ullja KUNTZE, Appellant,

v.

Michelle HALL, Lydia Muell, Deborah Pierce, Elizabeth Wait, Mathilda O'Kelley, Holly McConnell, Heidi Bond, Amber Ayisha Van Meter, Darleen Michael–Baker, Sandra Cowan, Kandice Cordingly–Seeber, Sue Harmon–King, Tom Kies, Deborah Kauzlarich, Appellees.

Nos. 10–12–00087–CV, 10–12–00126–CV, 10–12–00186–CV.

Court of Appeals of Texas, Waco.

June 27, 2012.

Ullja Kuntze, Waco, TX, pro se.

David Tekell, Tekell & Atkins LLP, Waco, TX, for Appellees.

Before Chief Justice GRAY, Justice DAVIS, and Justice SCOGGINS.

## ORDER

PER CURIAM.

On June 19, 2012, appellant, Ullja Kuntze, filed a second motion for extension of time to file her appellant's brief in appellate cause number 10–12–00087–CV. In her filing, appellant indicates that she cannot timely file her appellant's brief because there are "issues concerning the clerk's record of this case [that] are still not resolved" and because this Court has not ruled on her motions to reconsider our rulings made in appellate cause numbers 10–12–00087–CV and 10–12–00126–CV.

With regard to appellant's first contention about the clerk's record, we note that, on May 25, 2012, a supplemental clerk's record was filed in this Court. Contained in the May 25, 2012 supplemental clerk's record is the trial court's May 3, 2012 "Final Judgment," of which appellant complains. As such, the judgment of which appellant complains has been formally included in the record. *See, e.g., Poston v. Wachovia Mortg. Corp.,* No. 14–11–00485–CV, 2012 WL 1606340 at *1 n. 2, 2012 Tex.App. LEXIS 3608, at *3 n. 2 (Tex.App.-Houston [14th Dist.] May 8, 2012, no pet.) (mem. op.) ("With limited exceptions, we may not consider matters outside the appellate record, and attachment of documents as appendices to an appellate brief does not constitute formal inclusion in the record.") (citing *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.,* 178 S.W.3d 198, 210 (Tex.App.-Houston [14th Dist.] 2005, no pet.)); *see also* Tex.R.App. P. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."), 34.5(a)(5) (stating that the clerk's record must include a copy of the court's judgment or other order that is being appealed). Thus, there was no need to formally request this Court to judicially notice the May 3, 2012 "Final Judgment," as this

Court considers all documents that have been formally included in the record.

We now turn to appellant's motions to reconsider our rulings in appellate cause numbers 10–12–00087–CV and 10–12–00126–CV. On May 22, 2012, we issued a per curiam order in appellate cause number 10–12–00087–CV denying a joint motion to dismiss filed by appellees, Mathilda O'Kelley, Sandra Cowan, Holly McConnell, Heidi Kay Bond, Amber Ayisha Van Meter, Darleen Rae Michael–Baker, Kandice Cordingly–Seeber, Sue Harmon–King, Traci Crabtree, Deborah Kauzlarich, Desa Gilmore, Renee Catherine Wiggins, Christine A. Klein, Donna Darice Felkner, Brenda Lee Scata, and Lisa Lavelle New. In that order, we recognized that appellant had filed premature notices of appeal from judgments that were not final and that the trial court's May 3, 2012 "Final Judgment" is final because it disposes of all claims and parties pertaining to appellant's June 25, 2010 original petition. Moreover, we noted that appellant filed an amended notice of appeal in appellate cause number 10–12–00087–CV, in which she indicated that she wished to appeal from the trial court's May 3, 2012 "Final Judgment."

On the other hand, on May 23, 2012, we issued a memorandum opinion in appellate cause number 10–12–00126–CV. *See generally Kuntze v. Hall,* No. 10–12–00126–CV, 2012 WL 1871092, 2012 Tex.App. LEXIS 4213 (Tex.App.-Waco May 23, 2012, no pet. h.) (mem. op.). In this opinion, we dismissed appellant's complaints because she sought to appeal from eight summary judgments that were not final. *Id.* at *1–2, 2012 Tex.App. LEXIS 4213, at *4. We also stated in our opinion that "appellant's appeal in this appellate cause number [10–12–00126–CV] appears to have been rendered moot by appellant's amending of her notice of appeal in appellate cause number 10–12–00087–CV to challenge the trial court's 'Final Judgment,' which disposed of all parties and claims." *Id.*

■ The net effect of our per curiam order in appellate cause number 10–12–00087–CV and our memorandum opinion in appellate cause number 10–12–00126–CV is that all of appellant's appellate complaints will be handled in one appeal, appellate cause number 10–12–00087–CV, as they all pertain to the trial court's May 3, 2012 "Final Judgment." *See* Tex.R.App. P. 25.1(b) (stating that a party must file a notice of appeal to invoke an appellate court's jurisdiction and, unless a party specifically limits the scope of the appeal, the filing of a notice of appeal from a final judgment invokes our jurisdiction over all parties to the judgment and all parts of the case); *see also Webb v. Jorns,* 488 S.W.2d 407, 409 (Tex.1972) (stating that the notice of appeal defines the scope of the appeal, thereby limiting an appellate court's jurisdiction). Therefore, based on the foregoing and after reviewing the contents of appellant's motions for reconsideration, we deny both motions.

Additionally, we grant appellant's second motion for extension of time to file her brief in appellate cause number 10–12–00087–CV. Appellant is ordered to file her appellant's brief in appellate cause number 10–12–00087–CV within thirty days of this order, and this brief should contain all of her appellate complaints against those parties who remain in the case.

However, the story does not end here. On June 1, 2012, prior to filing her motions for reconsideration, appellant filed yet another appeal. This appeal was assigned the following appellate cause number—10–12–00186–CV. In appellate cause number 10–12–00186–CV, appellant challenges the same order—the trial court's May 3, 2012 "Final Judgment"—as in appellate cause

number 10–12–00087–CV. As stated earlier, we will consider all of appellant's appellate complaints that pertain to the trial court's May 3, 2012 "Final Judgment" in appellate cause number 10–12–0087–CV. Thus, appellant's appeal in appellate cause number 10–12–00186–CV is superfluous. Nevertheless, because the two appeals pertain to the same subject matter, we consolidate appellant's appeal in appellate cause number 10–12–00186–CV with appellate cause number 10–12–00087–CV for purposes of judicial economy.

Therefore, to recap, all of appellant's appellate complaints pertaining to the trial court's May 3, 2012 "Final Judgment" will be addressed in one appeal—appellate cause number 10–12–00087–CV. Furthermore, appellant's motions for reconsideration are denied, but her second motion for extension of time to file her appellant's brief is granted. Accordingly, appellant is ordered to file her appellant's brief within thirty days of this order.

The parties must place both of the consolidated cause numbers on each document. However, only one set of documents needs to be filed. The number of copies filed will be as if there is only one case; duplicates need not be provided for each appellate cause number. The Clerk will place all documents, including the clerk's record, reporter's record, correspondence, motions, briefs, rulings, orders, and opinions in the file for appellate cause number 10–12–00087–CV and will place only the notice of appeal and a copy of this order in the file for appellate cause number 10–12–00186–CV.