

# IN THE
# TENTH COURT OF APPEALS

No. 10-12-00087-CV
No. 10-12-00186-CV

ULLJA KUNTZE,

Appellant

 v.

MICHELLE HALL, LYDIA MUELL,
DEBORAH PIERCE, ELIZABETH WAIT,
MATHILDA O'KELLEY, HOLLY MCCONNELL,
HEIDI BOND, AMBER AYISHA VAN METER,
DARLEEN MICHAEL-BAKER, SANDRA COWAN,
KANDICE CORDINGLY-SEEBER, SUE HARMON-KING,
TOM KIES, DEBORAH KAUZLARICH,
TRACI CRABTREE, DESA GILMORE,
JOANNE SOROKA, MELISSA WILLETTE,
SALLY SPITZNAGEL, RENEE CATHERINE WIGGINS,
CHRISTINE A. KLEIN, DONNA DARICE FELKNER,
BRENDA LEE SCATA AND LISA LAVELLE NEW

Appellees

From the 170th District Court
McLennan County, Texas
Trial Court No. 2010-2279-4

## MEMORANDUM OPINION

In three issues, appellant, Ullja Kuntze, pro se, challenges summary judgments granted in favor of appellees, Mathilda O'Kelley; Sandra Cowan; Holly McConnell; Heidi Kay Bond; Amber Ayisha Van Meter; Darleen Michael-Baker; Kandice Cordingley-Seeber; Sue Harmon-King; Traci Crabtree; Deborah Kauzlarich; Desa Gilmore; Renee Catherine Wiggins; Christine A. Klein; Donna Darice Felkner; Brenda Lee Scata; Lisa Lavelle New; Michelle Hall; Tom Kies; Lydia Muell; Deborah Pierce; Joanne Soroka; Sally Spitznagel; Elizabeth Wait; and Melissa Willette. For the reasons stated herein, we affirm.

## I.   BACKGROUND

This dispute commenced with the filing of appellant's original petition on June 25, 2010.[1]  In her original petition, appellant alleged that, beginning on or about June 2008, appellees and six other defendants "repeatedly posted fraudulent and malicious comments on the internet about Plaintiff in an effort to destroy her business reputation."[2] Specifically, appellant contended that:

> [S]ince Summer 2009 and continuing until present day, Defendants collaboratively have also stalked Plaintiff on the internet, as well as through other means, and intentionally planned to have all Plaintiff's jewelry selling sites and its business relations with customers, current and prospective, to be terminated.  Defendants have repeatedly contacted individuals in McLennan County and elsewhere, and spread the same false and disparaging statements about Plaintiff's business that they have been writing on various websites, blogs[,] and forums intentionally trying

---

[1] Appellant was represented by counsel—David N. Deaconson—at the time of filing her original petition.

[2] The six defendants—Nancy Robinson, Kathleen Urato, Laurie Whitney, Kalera Stratton, Corri Harper, and Virginia Hampton-Schmidt—are no longer parties to this case.  Robinson, Urato, Whitney, and Stratton were dismissed from the case because the McLennan County District Court lacked personal jurisdiction over them.  On the other hand, Harper and Hampton-Schmidt were non-suited from the case.

to convince as many people as possible from not doing business with Plaintiff and have the business relation to be [sic] cancelled.[3]

Appellant asserted causes of action for tortious interference with existing and prospective business contracts, conspiracy to interfere with appellant's existing business contracts, and business disparagement.[4]

Appellees, most of who live outside the State of Texas, objected to the McLennan County District Court exercising personal jurisdiction over them. The trial court denied the jurisdictional objections filed by appellees, though, as noted earlier, the trial court did grant the objections and subsequently dismissed four of the original defendants who are not parties to this appeal.

For all remaining defendants, appellant's counsel served them with a request for production with eighty separate categories of documents sought to be produced.

---

[3] Appellant admitted in her fourth amended petition that, in retaliation for appellees' alleged behavior, she wrote on the internet that appellees "are tax evaders and doing illegal business." In an affidavit attached to her original answer, appellee Lydia Muell averred that this dispute pertained to the following:

> During the summer of 2008, Ullja Kuntze published a brochure stating her lampwork beads were made in Italy. In May 2007, I sold some hand[-]crafted beads on eBay. I was surprised to find the beads I created and sold to Ullja Kuntze via online auction, (Ebay), being featured and misrepresented as "specially made for Ullja's on the outskirts of Venice, Italy." My beads were made in the U.S., not in Italy. I was distraught by the misrepresentation that Ullja Kuntze made of my hand[-]crafted art work.
>
> In September of 2009, I started the website called www.uzillasenvy.com in order to refute the inaccurate information posted online by Ullja Kuntze. I owned and operated the website until it was taken offline by me in the fall of 2009.
>
> After Ullja Kuntze contacted my local property tax office requesting an audit of my property, and after she contacted the local fire marshal regarding my bead making, I reported Ullja Kuntze's harassing behavior to the local law enforcement in Davidson County, North Carolina.

[4] Appellant later dropped her conspiracy claim.

Appellant's counsel also sent a request for disclosure to appellees at this time. Appellees filed responses to appellant's discovery requests, though many of the responses contained objections. The trial court sustained some of appellees' objections and overruled others. Appellees then tendered supplemental discovery responses.

On January 6, 2012, approximately a year and a half after filing appellant's original petition, appellant's trial counsel, David N. Deaconson, filed a motion to withdraw as appellant's counsel. In his motion, Deaconson stated the following with regard to the status of the case:

> Discovery has been ongoing. A deposition of a non-party witness (Etsy) has been set for January 27, 2012. A Motion to Compel and For Sanctions is pending against the Defendants and is currently set for hearing at 9:00 a.m. on January 26, 2012. As part of that Motion, Plaintiff is seeking to have the court quash the Etsy deposition until defendants comply with the previously[-]ordered discovery.

Nevertheless, Deaconson indicated that:

> Plaintiff has made it abundantly clear that she is unhappy with the efforts of her attorney of record and believes that her attorney is aligned with counsel for the Defendants. Plaintiff is also unsatisfied with the current Motion filed on her behalf and has apparently lost faith and trust in her current counsel. . . . To require this attorney-client relationship to continue could be detrimental to the desires of Plaintiff and the direction she believes the prosecution of her claims should proceed. Plaintiff and the undersigned have some fundamental disagreements that materially affect the potential course of this litigation.

In response to Deaconson's motion to withdraw, appellant, now acting pro se, made several allegations of professional misconduct against Deaconson, yet she requested that the trial court deny Deaconson's motion to withdraw and impose

sanctions against Deaconson and the law firm with which he is associated. In any event, on January 26, 2012, the trial court granted Deaconson's motion to withdraw.

After Deaconson's withdrawal as counsel, appellant began to vigorously represent herself in the trial court. She filed several amended original petitions and a "Motion for an Order on Defendant's Objections to Plaintiff's Amended Master Set of Request[s] for Production," seeking the production of "withheld documents and information" by March 12, 2012. Later, appellant filed a "Motion for an Order to Compel Discovery Requests and Motion for Sanctions."

In response to appellant's repeated requests for production, counsel for appellees tendered a privilege log, asserting that various privileges, including the attorney work-product privilege, pertained to several categories of information sought by appellant. In addition, counsel for appellees attached to his privilege log an email from appellant, wherein appellant complained that many of appellees' discovery responses were "evasive and incomplete" and that many of the documents produced were out of order and "not marked to which question they belong."

On February 3, 2012, appellees Klein, Bond, Cordingley-Seeber, Cowan, Crabtree, Felkner, Gilmore, Kauzlarich, Harmon-King, McConnell, Michael-Baker, New, O'Kelley, Scata, Van Meter, and Wiggins responded to appellant's motions by filing motions of their own—no-evidence motions for summary judgment. Appellees' no-evidence summary-judgment motions are substantially similar to one another, and each assert that: "More than an adequate time for discovery has passed; yet, Plaintiff has no evidence on one or more of the essential elements of her claims asserted

herein . . . ." The no-evidence summary-judgment motions were set to be argued at a hearing scheduled for February 24, 2012.

Appellant subsequently filed motions for continuance and responses to appellees' motions.[5] In her motions for continuance, appellant argued that she found out on February 3, 2012 that "Defendants' counsel had already scheduled a hearing for [February 24, 2012] with the court coordinator for these 16 defendants' motion for no[-]evidence summary judgment behind her back without mutually agreeing on a hearing date." She also contended that: "Defendants are fully aware of several pending discovery issues not addressed and yet, they knowingly sent Plaintiff un-filed No-evidence Motion for Summary Judgments [sic]."

In her February 13, 2012 responses to appellees' summary-judgment motions, appellant argued that appellees did not serve her with copies of their motions more than twenty-one days prior to the scheduled February 24, 2012 hearing. She once again argued that she had not had sufficient time to conduct discovery; thus, the granting of summary judgment "would be unfair, unjust[,] and not impartial and would cause Plaintiff a severe adverse effect in this lawsuit." In support of her response, appellant attached copies of the no-evidence summary judgments and copies of her live pleading. Appellant did not tender any summary-judgment evidence.

After a hearing on February 10, 2012, the trial court denied appellant's motion for continuance and "Motion for an Order to Compel Discovery Requests and Motion for

---

[5] Appellant titled her responses to appellees' motions for summary judgment as motions objecting to defendants' no-evidence summary-judgment motions. And to the extent that appellant's response is truly an objection to appellees' summary-judgment motions, we note that appellant did not obtain explicit rulings on these filings.

Sanctions."[6]  At a subsequent hearing conducted on February 24, 2012, the trial court granted summary judgments in favor of Bond, Cowan, Cordingley-Seeber, Crabtree, Gilmore, Felkner, McConnell, Kauzlarich, Harmon-King, Klein, O'Kelley, Michael-Baker, New, Van Meter, Wiggins, and Scata.

Thereafter, on March 6, 2012, appellant filed a pro se notice of appeal in this Court, seeking to challenge the trial court's February 24, 2012 summary judgments.  *See Kuntze v. Hall*, No. 10-12-00126-CV, 2012 Tex. App. LEXIS 4213, at **1-2 (Tex. App.—Waco May 23, 2012, no pet.) (mem. op.).  This appeal was docketed and assigned the following appellate cause number:  10-12-00087-CV.  *See id.* at *2.

While appellate cause number 10-12-00087-CV was pending in this Court, appellees Hall, Kies, Muell, Pierce, Soroka, Spitznagel, Wait, and Willette filed no-evidence motions for summary judgment on March 7, 2012.  Twenty-one days later, on March 28, 2012, the trial court granted summary judgment in favor of appellees Hall, Kies, Muell, Pierce, Soroka, Spitznagel, Wait, and Willette.  In its summary judgment orders, the trial court specifically noted that appellant did not timely file a response to appellees' summary-judgment motions.

On April 9, 2012, appellant filed in the trial court a motion to vacate the trial court's March 28, 2012 summary-judgment orders and a motion for sanctions.  The trial

---

[6] Appellant informed this Court that the reporter's record is unnecessary to decide this case; therefore, we are not privy to the arguments made at the hearings on appellant's motions for continuance, for sanctions, and to compel discovery.  *See* TEX. R. APP. P. 34.6(b); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (explaining that the burden is on the appellant to ensure that a sufficient record is presented to show error); *CMM Grain Co. v. Ozgunduz*, 991 S.W.2d 437, 440 (Tex. App.—Fort Worth 1999, no pet.) (presuming that the evidence supports the trial court's judgment in the absence of a complete reporter's record or compliance with Texas Rule of Appellate Procedure 34.6(c)).

court conducted a hearing on appellant's motions on April 19, 2012. Unlike the other hearings conducted in this matter, we have a transcript of the April 19, 2012 hearing, which appellees arranged to be filed in this Court.

At the April 19, 2012 hearing, appellant argued the following:

> On March 29th, I had received an envelope from defense counsel, David Tekell, certified and with return receipt requested, arrive [sic] at my house, and in it were [sic] the eight summary judgments granted to eight of the defendants by this Court on March 28, 2012.
>
> Defense counsel, Mr. David Tekell, has obtained these summary judgments for his eight clients by fraudulent service and through illegal means behind my back. I was never served with none of the eight motions for the summary judgments and neither the notice of the hearing.
>
> In fact, besides this fraudulent service act, he has also last week wrote me an e-mail, and I have it here, stating that these motions allegedly were left in my private mailbox at my residence, which is not true, because I have never received these. Not only does this prove other two illegal means, avoiding postal fee is a federal crime, but also touching my private mailbox in my private residence without my permission is also [an] invasion of my privacy.
>
> I would like this attorney not to be allowed to receive these summary judgments through means of fraudulent act, and therefore, I would respectfully ask this Court to grant my motion to vacate and also grant my motion for sanctions.

Appellees' counsel responded:

> What I've got, Your Honor, is Exhibit 1, a copy of the letter that was the cover letter for service of the motions from my office dated March 7, 2012 addressed to Ms. Kuntze at her address . . . in Woodway. It includes the eight summary judgment motions along with notice that those motions were set for hearing on Wednesday, March 28, 2012, at 1:30 p.m. here in the 170th District Court. This letter was hand-delivered to Ms. Kuntze's mailbox.
>
> Exhibits 2—or excuse me—3 and 4 are photographs of the envelope enclosing both the motions and the letter that's Exhibit 1 in her

mailbox . . . in Woodway, which were taken at approximately 4:25 p.m. on the afternoon of March 7, 2012, to show that the envelope was placed in her mailbox.

And then Exhibit 2 is an e-mail that I sent to Ms. Kuntze on the morning of March 7th advising her that I was filing these motions, that I would hand-deliver them to her today, inviting her to come to my office to pick them up if she would like to do that, or telling her that if that didn't happen, that they would be delivered to her home. I never received a response to that e-mail.

At the conclusion of the hearing, the trial court denied appellant's motions to vacate and for sanctions.

On April 23, 2012, appellant filed a second notice of appeal in this matter, challenging the eight summary judgments granted on March 28, 2012. This appeal was docketed and assigned the following appellate cause number: 10-12-00126-CV. *See id.* at *2.

Later, on May 3, 2012, appellant amended her pro se notice of appeal in appellate cause number 10-12-00087-CV to indicate that she wished to appeal a "Final Judgment" entered by the trial court. *Id.* The "Final Judgment," which was signed by the trial court on May 3, 2012, stated the following: (1) appellant's claims against Robinson, Urato, and Whitney were dismissed on March 30, 2011; (2) appellant's claims against Stratton were dismissed on June 16, 2011; (3) appellant's claims against Harper were dismissed on June 28, 2011; (4) appellant's claims against Hampton-Schmidt were dismissed on February 9, 2012; (5) it granted summary judgment in favor of Bond, Cordingley-Seeber, Crabtree, Felkner, Gilmore, Kauzlarich, Harmon-King, Klein, McConnell, Michael-Baker, New, O'Kelley, Scata, Van Meter, and Wiggins on February

24, 2012; and (6) it granted summary judgment in favor of Hall, Kies, Muell, Pierce, Soroka, Spitznagel, Wait, and Willette on March 28, 2012. *Id.* at **2-3.

In a memorandum opinion issued on May 23, 2012, this Court dismissed appellant's complaints in appellate cause number 10-12-00126-CV because she sought to appeal from eight summary judgments that were not final, and because "appellant's appeal in this appellate cause number [10-12-00126-CV] appears to have been rendered moot by appellant's amending of her notice of appeal in appellate cause number 10-12-00087-CV to challenge the trial court's 'Final Judgment,' which disposed of all parties and claims." *Id.* at *4.

However, on June 1, 2012, appellant filed yet another notice of appeal, which was docketed and assigned the following appellate cause number: 10-12-00186-CV. *See Kuntze v. Hall*, Nos. 10-12-00087-CV, 10-12-00126-CV, 10-12-00186-CV, 2012 Tex. App. LEXIS 5190, at *5 (Tex. App.—Waco June 27, 2012, order) (per curiam). In appellate cause number 10-12-00186-CV, appellant challenged the same order—the trial court's May 3, 2012 "Final Judgment"—as in appellate cause number 10-12-00087-CV. *See id.* We concluded that all of appellant's appellate complaints should be considered in appellate cause number 10-12-00087-CV and that appellant's appeal in appellate cause number 10-12-00186-CV was superfluous. *See id.* As such, we consolidated appellant's appeal in appellate cause number 10-12-00186-CV with her appeal in appellate cause number 10-12-00087-CV. *See id.* at **5-6. We now turn to appellant's appellate complaints.

## II.    ANALYSIS

### A.    Appellant's Motion for Continuance

In her first issue, appellant asserts that the trial court abused its discretion in denying her motion to continue the February 24, 2012 hearing on appellees' summary-judgment motions. Specifically, appellant argues that the trial court abused its discretion in denying her motion for continuance because she was not afforded sufficient time to conduct discovery, especially considering that she represented herself for a portion of the underlying proceedings.

A party may not move for a no-evidence summary judgment until after the opposing party has had an "adequate time" to conduct discovery. *See* TEX. R. CIV. P. 166a(i). However, the rules do not require that the discovery period applicable to the case have to have ended before a no-evidence summary judgment may be granted. *See id.*; *see also Rest. Teams Int'l, Inc. v. MG Secs. Corp.*, 95 S.W.3d 336, 339 (Tex. App.—Dallas 2002, no pet.). Whether a non-movant has had an adequate time for discovery is case specific. *MG Secs. Corp.*, 95 S.W.3d at 339; *McClure v. Attebury*, 20 S.W.3d 722, 729 (Tex. App.—Amarillo 1999, no pet.). To determine whether an adequate time for discovery has passed, we examine such factors as: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery that had already taken place; and (7) whether the discovery deadlines in place were specific

or vague. *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied). And, while a litigant normally has the right to conduct discovery after suit is filed, the trial court is nonetheless entitled to presume that plaintiffs, such as appellant here, investigated the legitimacy of their claims before pursuing them. *Levinthal v. Kelsey-Seybold Clinic, P.A.*, 902 S.W.2d 508, 511 (Tex. App.—Houston [1st Dist.] 1994, no writ).

We review a trial court's determination that there has been an adequate time for discovery for an abuse of discretion. *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *see Wal-Mart Stores Tex., L.P. v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). A trial court abuses its discretion by making a decision that is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

In any event, if a continuance is sought to pursue further discovery, the motion must either be verified or supported by affidavit describing the evidence sought, explaining its materiality, and showing the party requesting the continuance has used due diligence to obtain the evidence. *See* TEX. R. CIV. P. 251, 252; *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Crosby*, 295 S.W.3d at 356. Conclusory allegations are not sufficient. *Lee v. Haynes & Boone, L.L.P.*, 129 S.W.3d 192, 198 (Tex. App.—Dallas 2004, pet. denied). We must presume that a trial court does not abuse its discretion in denying a motion for continuance when the motion is not verified or supported by affidavit. *See Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied); *City of Houston v. Blackbird*, 658 S.W.2d 269, 272

(Tex. App.—Houston [1st Dist.] 1983, writ dism'd); *see also Burns v. Seascape Owners Ass'n, Inc.*, No. 01-11-00752-CV, 2012 Tex. App. LEXIS 7732, at \*\*23-24 n.3 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet. h.) (mem. op.).

In the instant case, appellant's motion for continuance was not verified, and she did not file an affidavit explaining the need for further discovery. Accordingly, we must presume that the trial court did not abuse its discretion in denying appellant's motion for continuance. *See Serrano*, 241 S.W.3d at 564; *Blackbird*, 658 S.W.2d at 272; *see also Burns*, 2012 Tex. App. LEXIS 7732, at \*\*23-24 n.3. We therefore overrule appellant's first issue.

## B.    The Trial Court's Summary Judgments

In her second and third issues, appellant contends that the trial court erred in granting summary judgment in favor of appellees. In particular, appellant complains that the trial court erred in granting summary judgment in favor of appellees because appellees allegedly failed to properly serve their summary-judgment motions on her twenty-one days prior to the hearing on the motions, as required by Texas Rule of Civil Procedure 166a(c). *See* TEX. R. CIV. P. 166a(c).

The right to summary judgment exists only when the requirements of Rule 166a are satisfied. *See Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied). In other words, because summary judgment is a harsh remedy, we must strictly construe the notice requirements of the rules of civil procedure. *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied). Rule 166a(c) states that: "Except on leave of

court, with notice to opposing counsel, the [summary-judgment] motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." *See* TEX. R. CIV. P. 166a(c). The purpose of this twenty-one-day interval is to allow the non-movant a full opportunity to respond on the merits. *See Stephens v. Turtle Creek Apartments, Ltd.*, 875 S.W.2d 25, 26 (Tex. App.—Houston [14th Dist.] 1994, no writ); *see also Meadows v. FIA Card Servs.*, No. 09-12-00051-CV, 2012 Tex. App. LEXIS 7595, at *4 (Tex. App.—Beaumont Sept. 6, 2012, no pet. h.) (mem. op.).

Rule 21a sets out the service requirements. *See* TEX. R. CIV. P. 21a. A motion may be served on a party by delivering a copy via certified or registered mail to the party's last known address. *Id.* Rule 21a also authorizes hand delivery of documents. *See id.*; *see also Amaya v. Enriquez*, 296 S.W.3d 781, 784 (Tex. App.—El Paso 2009, pet. denied) ("Service by personal delivery is complete when the document is delivered to the person or office to which it is addressed."). Furthermore, the Texas Supreme Court has held that the hearing on a summary-judgment motion may be set as early as the twenty-first day after the motion is served by hand or twenty-four days if served by mail. *Lewis v. Blake*, 876 S.W.2d 314, 316 (Tex. 1994).

A certificate of service by a party or attorney of record is prima facie proof of the fact of service. *Id.*; *see Thomas v. Ray*, 889 S.W.2d 237, 238-39 (Tex. 1994); *Rabie v. Sonitrol of Houston, Inc.*, 982 S.W.2d 194, 196 (Tex. App.—Houston [1st Dist.] 1998, no pet.). "[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The opposing party may

attempt to rebut this presumption of receipt by offering proof that the notice or document was not received. *See* TEX. R. CIV. P. 21a.

Moreover, the Texas Supreme Court has stated that, applying Texas Rule of Appellate Procedure 4 to Texas Rule of Civil Procedure 166a(c), "the day of service is not to be included in computing the minimum 21-day notice for hearing, and the day of the hearing is." *Lewis*, 876 S.W.2d at 316; *see* TEX. R. APP. P. 4; TEX. R. CIV. P. 166a(c).

Each of appellees' no-evidence motions for summary judgment contain a certificate of service indicating that appellant was served with a copy of the motions at her residence on February 3, 2012 for the first sixteen summary-judgment motions and on March 7, 2012 for the last eight summary-judgment motions. Once again, we note that appellant did not arrange for reporter's records to be filed with respect to any of the hearings conducted by the trial court. However, appellees arranged for a transcript of the hearing on appellant's motion to vacate to be filed with this Court. The transcript of this hearing indicated that appellant did not offer any evidence, besides her bald allegations, that appellees did not timely serve her with notice of their March 7, 2012 summary-judgment motions in accordance with Texas Rules of Civil Procedure 21a and 166a. *See* TEX. R. CIV. P. 21a, 166a. Appellees' counsel, on the other hand, tendered photographs of documents in appellant's mailbox and argued that these documents were the summary-judgment motions, thus supporting the contention in his certificate of service that he served appellant by hand delivery. In addition, appellees' counsel also submitted an email sent to appellant on March 7, 2012, wherein counsel explained:

"I have a package of new Motions to hand deliver to you [appellant] today. Would you like to come by the office and pick them up or should we deliver them to your home?"

Appellant did not tender any evidence, beyond her bald assertions, to rebut appellees' counsel's evidence of hand delivery of the summary-judgment motions.[7] Further, on appeal, appellant argues that appellees' counsel's service method did not constitute proper hand delivery of notice; however, appellant does not cite any authority supporting her contention. Therefore, because hand delivery is authorized by Rule 21a as a proper means of service, and because appellant did not present evidence to rebut the contention made by appellees' counsel in the certificate of service of each of the summary-judgment motions, we must presume that notice was received. *See Mathis*, 166 S.W.3d at 745; *see also* TEX. R. CIV. P. 21a ("Every notice . . . may be served by delivering a copy to the party to be served . . . either in person or by agent or by courier receipted . . . delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct."); *Amaya*, 296 S.W.3d at 784. Furthermore, in the absence of evidence rebutting appellees' counsel's evidence, we must also presume that appellant was properly served with notice of the

---

[7] We also note that at least one Texas appellate court has held that:

Even when a party does not receive actual notice, if the serving party has complied with the requirements of Rule 21a, "constructive notice" may be established if the serving party presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case or that the intended recipient refused all deliveries of certified mail.

*See In re E.A.*, 287 S.W.3d 38, 41-42 (Tex. App.—Fort Worth 2007), *rev'd on other grounds by* 287 S.W.3d 1 (Tex. 2009) (quoting *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381-82 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (citations omitted)).

first sixteen summary-judgment motions on February 3, 2012 and of the last eight summary-judgment motions on March 7, 2012. *See id.*; *Thomas*, 889 S.W.2d at 238-39; *Lewis*, 876 S.W.2d at 316; *see also Amaya*, 296 S.W.3d at 784; *Rabie*, 982 S.W.2d at 196. And, using those dates of service to calculate the applicable twenty-one day period, we conclude that the trial court's February 24, 2012 and March 28, 2012 hearings on the summary-judgment motions were timely and proper within the context of Rule 166a. *See Lewis*, 876 S.W.2d at 316; *see also* TEX. R. APP. P. 4; TEX. R. CIV. P. 166a(c). Accordingly, we reject appellant's assertion that summary judgment was improper because she was not afforded sufficient notice. As such, we overrule appellant's second and third issues.

## III.   CONCLUSION

Having overruled all of appellant's issues, we affirm the judgments of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 18, 2012
[CV06]