

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00366-CV

Ana **GUERRA** and Miguel Guerra,
Appellants

v.

Copernicus **GUERRA**, Eric Stubbs and Monica Guerra,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-17589
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: March 9, 2022

AFFIRMED

This is an appeal from a trial court's order granting summary judgment in favor of appellees Copernicus Guerra, Eric Stubbs, and Monica Guerra. Appellants Ana Guerra and Miguel Guerra argue the trial court erred by granting appellees' motion for summary judgment and by dismissing their petition for bill of review. We affirm the trial court's judgment.

### BACKGROUND

Appellants are the parents and parents-in-law (collectively, "Parents") of appellees (collectively, "Children"). In 2015, Children filed suit against Parents seeking damages and

declaratory relief related to an alleged joint venture. In January 2016, Parents' counsel, Aaron Hass, withdrew. The trial court's order granting the motion for withdrawal provided that the only current setting or deadline was: "Jury Trial, May 2, 2016 in the Bexar County Monitoring Court at 8:30 a.m." The Order also required "that all notices in this cause shall hereafter be served on [Parents] either delivered in person or sent by certified and first class mail to the addresses in the motion." In an affidavit attached to Children's response to Parent's motion for new trial, Children's attorney, Brian Trenz, averred that Parents' counsel stated he was not able to contact Parents and thought they were in South America but had no idea when they would return. In this affidavit, Trenz stated that prior to Hass's withdrawal from the case, he told Trenz he could serve Parents "at the 8006 Dyess Fort address." In the same affidavit, Trenz averred that on January 13, 2016, he served his motion for summary judgment with a fiat and an order on a motion to compel "at the 8006 Dyess Fort address." Trenz stated he "arrived at [Parents'] house and knocked on the door and no one answered. [He] saw that there were a collection of deliveries on their front porch and [a] couple of stickers on their door indicating that someone had tried to deliver packages." Trenz averred that "the reason [he] served the Order was because it gave them a deadline to respond to discovery requests that they were not aware of because they didn't show up for the hearing."

On February 5, 2016, Children filed a motion requesting a non-jury trial be set for March 22, 2016. The trial court granted the motion and set the case for trial on March 22, 2016, at 9:00 a.m. The order granting the motion has a certificate of service stating that Children "certify[ied] and affirm[ed] that on February 5, 2016, a true and correct copy of this Motion to Set for Trial was hand delivered to [Parents] at the following address: 8006 DYESS FORT SAN ANTONIO, TX 78227." On March 22, 2016, the trial court called the case for bench trial and Parents failed to appear. A default judgment in favor of Children was granted, and in the order granting final

judgment, the trial court provided: "[t]he court after reviewing the testimony and documents presented by [Children's] Counsel finds that the [Parents] were properly served with notice of the trial setting and failed to appear."

On June 21, 2016, Parents filed a motion for new trial, requesting the court vacate the default judgment and order a new trial because they were in Ecuador at the time of trial and did not receive notice of the trial setting. Parents attached the affidavit of parent Ana Guerra, who averred that she and Miguel Guerra were home at their 8006 Dyess Fort address from January 27, 2016, until about February 3, 2016, at which time they left for Massachusetts to visit family and then went to Ecuador on February 22, 2016. Ana averred that she and Miguel did not return until the end of April 2016. Ana further averred that their neighbor checked their mail while they were travelling, and she advised their neighbor "to look for anything that might be related to this case and to inform me right away if anything was received." According to Ana, her neighbor did not notify her about any letters relating to the case, and Ana did not learn about the new trial setting, summary judgment, and default judgment until she returned from Ecuador at the end of April 2016. Ana averred that she hired new counsel upon her return to the United States.

Children responded to the motion for new trial and attached an affidavit from their counsel, Trenz, who averred that on February 5, 2016, he "placed the Trial Setting notice in an envelope, addressed it to the 8006 Dyess Fort address, and . . . dropped the setting in the blue U.S. Post Office mailbox outside before 5:00 p.m." He averred that on February 8, 2016, he filed a second motion to compel with the setting and "[i]n order to make sure that all documents have been received by [Parents, he] put the Trial Setting, Second Motion to Compel with Fiat, [an] Order Granting Summary Judgment, and Plaintiffs' First Request for Admissions to the [Parents] into a manilla envelope and hand delivered it to the [Parents] at the 8006 Dyess Fort Address." Trenz averred that from the time of the withdrawal of Parents' prior attorney until June 2016, Parents

never contacted him regarding any setting nor did they ask him to serve them in a different manner. On September 2, 2016, the trial court denied Parent's motion for new trial.

In September 2018, Parents filed a petition for bill of review against Children, alleging that they had a default judgment taken against them because they did not know they were set for trial in March 2016 due to lack of notice. In March 2020, Children filed a "Motion for Final Summary Judgment and Motion for No-Evidence Summary Judgment," arguing that 1) issue preclusion bars Parents' claims; 2) there is no genuine issue of material fact that notice was served on Parents; 3) any lack of service is a direct result of Parents' own fault; and 4) Parents failed to provide any evidence that they were not served. The trial court granted Children's motions for summary judgment and dismissed Parent's claims with prejudice.

Parents appealed, seeking reversal of the trial court's summary judgment order dismissing their bill of review and requesting a remand of the case to the trial court for further proceedings.

### STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Lowery v. Bank of Am., N.A.*, No. 04-12-00729-CV, 2013 WL 5762227, at *1 (Tex. App.—San Antonio Oct. 23, 2013, no pet.). When a party files a motion for both no evidence and traditional summary judgment and the trial court grants the motion without specifying the grounds on which it granted the motion, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Lowery*, 2013 WL 5762227, at *1. We may review the no evidence grounds first, and affirm the judgment if they are dispositive. *Id.*

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i); *Lowery*,

2013 WL 5762227, at *1.  The court examines the entire record in the light most favorable to the nonmovant, and if the nonmovant brought forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is improper.  *Lowery*, 2013 WL 5762227, at *1.  If the nonmovant's evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact, it is less than a scintilla of evidence.  *Id.*  More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions.  *Id.*

A bill of review may be brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal.  *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012); *Mungia v. Via Metro. Transit*, 441 S.W.3d 542, 547 (Tex. App.—San Antonio 2014, pet. denied).  Ordinarily, the bill of review plaintiff must prove: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on its own part.  *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012) (per curiam).  However, when a bill of review plaintiff claims a due process violation for no service or notice, it is relieved of proving the first two elements.  *Id.* at 812.  The third element is conclusively established if the bill of review plaintiff can prove that it was never served with notice.  *Id.* at 813.

Rule 21a sets out the service requirements.  *See* Tex. R. Civ. P. 21a.  A document "may be served in person, mail, by commercial delivery service, by fax, by email, or by such other manner as the court in its discretion may direct."  *See id.* R. 21a(a)(2).  "Service by mail or commercial delivery service shall be complete upon deposit of the document, postpaid and properly addressed, in the mail or with a commercial delivery service."  *Id.* R. 21a(b)(1).  "The party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed

instrument." *Id.* R. 21a(e). "A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." *Id.*; *see Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). "Nothing herein shall preclude any party from offering proof that the document was not received, or, if service was by mail, that the document was not received within three days from the date that it was deposited in the mail[.]" TEX. R. CIV. P. 21a(e); *see Cliff v. Huggins*, 724 S.W.2d 778, 780 (Tex. 1987). The presumption may be rebutted by an offer of proof or nonreceipt. *Cliff*, 724 S.W.2d at 780.

### ANALYSIS

In Parents' petition for bill of review, they argue they did not receive actual notice of the motion to set the March 2016 trial date and the resulting default judgment and therefore are relieved of proving the first two elements of a bill of review. *See Mabon Ltd.*, 369 S.W.3d at 812. They contend they only need to prove the third element—requiring the petitioner to show they were not negligent or at fault for the entry of the challenged judgment or order. *See id.* They argue they are not negligent or at fault because they were out of the country when notice was delivered to their home and, consequently, were never actually served.

However, as Children urged in their no-evidence motion for summary judgment, Parents have not provided sufficient evidence to overcome the presumption that notice was properly received. *See Kuntze v. Hall*, No. 10-12-00087-CV, 2012 WL 5193226, at *8 n.7 (Tex. App.—Waco Oct. 18, 2012, pet. denied) (mem. op.) (rejecting appellant's argument that summary judgment was improper due to lack of sufficient notice because appellee's certificate of service created presumption that notice was received and appellant relied on assertions but failed to tender evidence which would rebut presumption). The record contains a certificate of service for the Motion to Set Trial stating that the motion was hand-delivered to 8006 Dyess Fort San Antonio,

TX 78227 on February 5, 2016. This evidence creates a presumption of service. *See Graham-Rutledge & Co., Inc. v. Nadia Corp.*, 281 S.W.3d 683, 691 (Tex. App.—Dallas 2009, no pet.) (certificate of service stating notice was hand-delivered created presumption of service). Consistent with the certificate of service, Children's counsel, Trenz, averred that he hand delivered a manila envelope containing the trial setting, second motion to compel with fiat, an order granting summary judgment, and plaintiffs' first request for admissions to the 8006 Dyess Fort Address.[1]

In Ana's affidavit attached to Parents' motion for new trial, she avers that when she returned from Ecuador, she "went through [her] mail . . . to check for anything from [Children's] attorney, and [she] did not find anything." However, the record also contains the deposition of Ana, attached to Children's motion for summary judgment, in which Ana admits that the motion was delivered to her home and that her neighbor was holding onto it along with her other mail while she was in Ecuador. Ana testified that her neighbor gave her this mail when she returned home in April 2016. Parents have not provided any corroborating evidence to support their contention that the notice was never received at their home. *See Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.3 (Tex. 2004) (per curiam) ("[T]he testimony of a bill of review plaintiff alone, without corroborating evidence, is insufficient to overcome the presumption that the plaintiff was served." (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)); *see also Nadia Corp.*, 281 S.W.3d at 691 (petitioner did not rebut presumption of proper service because it failed to provide an offer of proof of non-receipt).

---

[1] Trenz also averred that in addition to the hand-delivery method, he mailed the trial setting notice to the 8006 Dyess Fort address on February 5, 2016. However, because the certificate of service on the trial setting only indicates Trenz's hand-delivery service method, we only consider this method when examining the presumption of service. *See* TEX. R. CIV. P. 21a(a)(2) (prescribing several methods of service, including service in person or by mail); *cf. Amaya v. Enriquez*, 296 S.W.3d 781, 785 (Tex. App.—El Paso 2009, pet. denied) (defendant not entitled to any additional time to respond when plaintiff served him by *both* fax and personal delivery).

Trenz's compliance with Rule 21a provided sufficient notice, even if Parents were out of the country. *See Kuntze*, 2012 WL 5193226, at *8 n.7 ("Even when a party does not receive actual notice, if the serving party has complied with the requirements of Rule 21a, 'constructive notice' may be established if the serving party presents evidence that the intended recipient engaged in instances of selective acceptance or refusal of certified mail relating to the case or that the intended recipient refused all deliveries of certified mail." (quoting *In re E.A.*, 287 S.W.3d 38, 41–42 (Tex. App.—Fort Worth 2007, *rev'd on other grounds by* 287 S.W.3d 1 (Tex. 2009)); *Amaya*, 296 S.W.3d at 784 ("Service by personal delivery is complete when the document is delivered to the person or office to which it is addressed.")). Parents' failure to collect mail while absent from the country or to provide a different address to be served at while out of the country did not entitle them to a bill of review. *Cf. Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) (bill of review petitioner was negligent because it failed to update addresses for its registered agent and registered office and therefore there was some evidence to support the trial court's denial of the bill of review); *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999) (per curiam) (bill of review claimant must show prior judgment did not result from own fault or negligence).

We conclude Parents failed to rebut the presumption of service and failed to produce more than a scintilla of evidence that any lack of service was unmixed with any fault or negligence on their part. *See Saint v. Bledsoe*, 416 S.W.3d 98, 108 (Tex. App.—Texarkana 2013, no pet.) (bill of review petitioners' due process claim failed, even if they did not receive notice, because they failed to apprise the trial court of a correct current address where they could receive mail). Accordingly, the trial court did not err in granting children's no-evidence motion for summary judgment. *See Lowery*, 2013 WL 5762227, at *1.

## CONCLUSION

We affirm the judgment of the trial court.

Rebeca C. Martinez, Chief Justice